THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN FUENTES, Defendant and Appellant.

No. 13047.  Argued January 28, 1948.—Decided February 18, 1948.

*José R. Fournier* for appellant.  *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The District Attorney of Bayamón filed an information against Ramón Fuentes and José Fuentes, alleging that on

or about August 6, 1946, in the ward of Juan Domingo, Guaynabo, the defendants, respectively as owner and employee, unlawfully, willfully, and maliciously, kept and offered for sale, for human consumption, cow's milk adulterated with 20 per cent of water artificially added, according to an analysis made by the Chemical Laboratory of the Department of Health. The lower court acquitted defendant José Fuentes, but found Ramón Fuentes guilty, sentencing him to pay a fine of $35 and, in default of such payment, to be confined in jail one day for each dollar left unpaid. An appeal has been taken from that judgment, on the sole ground that the weighing of the evidence was erroneous.

The evidence for the prosecution, consisting in the testimony of Humberto Miranda Ocasio, Health Inspector, tended to show that, on the day stated in the information the witness went to the establishment of the defendant and found "at the entrance of said establishment, in front of the bar, an unlabeled closed can, which was in the door outside the bar"; that he examined said can and proceeded to take samples of the milk contained therein in three small glass bottles; that the milk was found to be adulterated with 20 per cent of water artificially added, and that "said milk was found in the establishment; it was not for sale; the milk for sale was the one kept in a refrigerator or heated in a coffee pot." On cross-examination by the defense regarding this particular, the witness ratified his testimony to the effect that the milk from which he had obtained the samples was not for sale.

The evidence for the defense, consisting in the testimony of Celestino Bernacet and of the defendant himself, tended to show that the milk can from which the samples were taken was brought to the establishment by Fernando Jiménez shortly before the health inspector arrived; that he left it in the same place, that is, outside, where it was found by the inspector; that this milk was not for sale; that the inspector

was the first one to open the can and that the only milk which was for sale was the one found in the refrigerator and some which was hot in a coffee pot, from which no samples were taken.

The defendant admits that the milk was adulterated. The lower court based its decision in the holding made in the case of *People* v. *Román,* 60 P.R.R. 622. There it was held that "the milk was received and accepted and placed in the refrigerator to be sold for human consumption. It was adulterated and but for the inspector's visit, it would have been sold. The law punishes the sale, offering, or keeping for sale, of adulterated milk."

We do not agree with the lower court that the above-cited case is applicable herein. In the case at bar, there was no evidence to the effect that the milk in question was for sale. The evidence introduced by The People, as well as that presented by the defense, showed that it was not for sale.

Application should rather be made of the decision in *People* v. *Andino,* 21 P.R.R. 211, where, to quote from the syllabus, we held:

"When, as in the present case, it is shown only that the milk alleged to be adulterated was brought to the defendant's place of business at the same moment when the sanitary inspector arrived there, and that the milk had just been emptied into the receptacle and the cartman was leaving with the can which he had just emptied, it is manifest that the evidence is insufficient to establish the guilt of the accused. The mere fact that the accused are in possession of adulterated milk does not constitute an offense in the absence of evidence that they had offered it for sale."

See also *People* v. *Ríos,* 28 P.R.R. 711, and *People* v. *Almodóvar,* 56 P.R.R. 509.

In the instant case, the essential fact alleged in the information that the appellant "kept and offered for sale, adulterated cow's milk for human consumption," was not

proved, and, therefore, the lower court erred in convicting the defendant.

The judgment appealed from will be reversed and another rendered instead acquitting the defendant.